Case 4:16-mj-01581   Document 1   Filed in TXSD on 10/31/16   Page 1 of 4

Case 4:16-mj-01581   Document 1   Filed in TXSD on 10/31/16   Page 1 of 4

AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

E. Gallagher

101 United States Courts
Southern District of Texas
FILED

OCT 3 1 2016

David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| Ameena Marlyne HINDS | ) | |
| | ) | **H16-1581M** |
| Defendant | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  10/29/2015  in the county of  Harris  in the  Southern  District of  Texas , the defendant violated  Title 21  U. S. C. §  952, 841 , an offense described as follows:

(1) Knowingly and intentionally import into the United States from a place outside thereof a mixture or substance containing 500 grams or more of cocaine, a Schedule II controlled substance, and
(2) Knowingly and intentionally possess with intent to distribute a mixture or substance containing 500 grams or more of cocaine a Schedule II controlled substance.

This criminal complaint is based on these facts:
See attached Affidavit in Support of Criminal Complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Terry R. Muise, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  10/31/2016

_____
*Judge's signature*

City and state:  Houston, Texas    Frances H. Stacy, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

**I, Terry R. Muise, being first duly sworn, depose and state the following:**

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI), assigned to the Special Agent in Charge, Houston, Texas office. I have been so employed since October, 2009. During my career, I have received extensive training in the detection of controlled substances. I have attended the Criminal Investigator's Training Program and HSI Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. The training I have received includes, but is not limited to, the detection of and the methods used to conceal and distribute controlled substances as defined by Title 21 of the United States Code.

2. I am currently assigned to the George Bush Intercontinental Airport. My duties include responding to incidents involving narcotics intercepted by Officers of United States Customs and Border Protection (CBP).

3. This affidavit is based on my personal knowledge, physical and electronic surveillance of criminal activity by law enforcement officers, interviews of witnesses, and/or information obtained from other law enforcement officials and witnesses, whom I know to be trustworthy and reliable, and from reports and documents obtained throughout the course of this investigation. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not purport to set forth all of my knowledge of this matter.

4. At approximately 1:45PM on October 29, 2016, Ameena Marlyne HINDS, a citizen of Guyana, arrived at George Bush Intercontinental Airport (IAH) in Houston, Texas, as a passenger on United Airlines flight 1250 from Port of Spain, Trinidad and Tobago. HINDS was referred for a secondary inspection by CBPO Officer Foley at approximately 2:15PM.

5. CBP Officer S. Martinez conducted the secondary inspection of HINDS and her luggage at approximately 3:00PM. HINDS claimed ownership of the luggage and stated it had belonged to her for approximately two years. HINDS further stated to Officer Martinez that she has never loaned her luggage to anyone else since she has owned it and all of its contents belonged to her. Officer Martinez conducted an x-ray examination of HINDS suitcase at approximately 3:25PM

and observed what he described as anomalies with respect to the suitcase's image as it appeared to him on the machine's display. One such anomaly described by Officer Martinez was the appearance of a rectangular shaped object inconsistent with what would normally appear on the screen in between the suitcase's wheels. Another anomaly was the appearance of shaded areas that would normally appear as "clear".

6. At approximately 3:30PM Officer Martinez inserted a metal probe into the wall and bottom of the suitcase and upon extracting it discovered a white powdery substance that field tested positive for the presence of cocaine at approximately 3:35PM. Officer Martinez found what appeared to be packages of cocaine concealed in two sides of the suitcase behind the inner nylon lining. HINDS was then taken into custody by CBP pending notification of HSI. The cocaine and its wrappings were later determined to have an approximate gross weight of 1.49 kilograms.

7. At approximately 3:30PM, CBP notified HSI of their findings and HSI Special Agents (SA) Terry Muise and SA Therese Renick responded to interview HINDS. After determining that HINDS could speak, read, and write the English language, she was advised of her rights by HSI SA Muise at approximately 5:48PM. SA Muise then asked HINDS to read the statutory warning herself and to place her initials beside each indicating that she understood them. HINDS placed her initials beside each and SA Muise then read the waiver portion of the form to HINDS and asked her to do the same. After doing so, HINDS stated she was willing to answer questions without an attorney present and signed the waiver form indicating the same.

8. HINDS stated that she is currently burdened by approximately $5,000.00USD of personal debt, has had difficulty meeting her financial obligations, and debt collectors have been calling on her for repayment. In July, 2016, HINDS was approached by an unknown individual whom she described as "Mystery Man" and offered $2,500.00USD to bring a suitcase with drugs concealed inside to the United States. Mystery Man gave her assurances that the drugs would be adequately concealed so as to prevent their discovery and told her that several other people had already done it successfully.

9. Despite the assurances given to her by Mystery Man that she could smuggle drugs into the United States without detection, HINDS hesitated at the time to agree to do it. She was contacted again by Mystery Man last Wednesday (October 26, 2016) and this time agreed to do it. HINDS met a female in Guyana who gave her an envelope containing her ticket and travel itinerary.

10. HINDS flew from Guyana to Trinidad and Tobago where she met again with Mystery Man and her suitcase was exchanged for the one containing the drugs. Her personal effects were then placed inside the suitcase containing the drugs for her continuing travel to the United States. HINDS then flew from Trinidad to Houston, Texas on October 29, 2016.

11. Mystery Man instructed HINDS to travel to a hotel in New York and to let him know when she was checked into the hotel. HINDS was told that once that occured, Mystery Man would send someone to her hotel room to retrieve the suitcase containing the drugs and pay her the $2,500.00USD she had been promised. HINDS then planned to remain in the United States for two weeks before flying home to Guyana on November 13, 2016.

12. Based on the aforementioned information, I believe there is probable cause that Ameena Marlyne HINDS did knowingly and intentionally import into the United States from a place outside thereof, cocaine, which is a Schedule II controlled substance, in violation of Title 21, United States Code, Section 952. Furthermore, I believe there is probable cause that HINDS possessed with the intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(B)(ii).

_____
Terry R. Muise
Special Agent, HSI

Sworn to and subscribed before me on this 31st day of October, 2016 and I find probable cause.

_____
Frances H. Stacy
United States Magistrate Judge
Southern District of Texas